UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LUCAS BAILEY,                          )
                                       )
                    Petitioner,        )
                                       )
        vs.                            )   No. 1:16-cv-02625-TWP-MJD
                                       )
KEITH BUTTS,                           )
                                       )
                    Respondent.        )

**Entry Regarding the Due Process Right to Call Witnesses at Prison Disciplinary Proceedings and Directing Further Proceedings in this Action**

**I.**

Presently before the Court is Petitioner Lucas Bailey's petition for a writ of habeas corpus challenging a prison disciplinary proceeding that resulted in the loss of ninety days of good-time credit. Mr. Bailey raises three claims in his habeas petition, one of which is discussed in this Entry. Mr. Bailey maintains that he was denied due process because his requested witnesses were not permitted to testify at his disciplinary hearing; they instead submitted written statements. For the reasons explained, this claim requires further development.

"Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)). However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). As acknowledged by the respondent, Mr. Bailey requested four witnesses prior to his disciplinary proceeding, each of whom provided a written statement prior to the challenged disciplinary

proceeding in lieu of live testimony. The respondent offers two reasons why this did not violate Mr. Bailey's due process rights.

First, the respondent argues that Mr. Bailey "submitted no evidence indicating that any testimony offered in person would be anything other than repetitive based on the statement given by each of the witnesses." Filing No. 11 at 8. Similarly, the respondent asserts that Mr. Bailey "does not suggest how in person testimony was required when the witness statement addressed the information he sought." Filing No. 11 at 8. In short, the respondent argues that written witness statements are always an adequate substitute for live testimony. But the Seventh Circuit has repeatedly rejected this; only when live testimony is not otherwise feasible do written witness statements comport with due process. *See Whitlock v. Johnson*, 153 F.3d 380, 388 (7th Cir. 1998) ("We are . . . unconvinced by the prison's assertion that its policy of interviewing requested witnesses and summarizing their testimony in an unsworn report is a legitimate means of 'calling a witness' even when live testimony would be feasible."); *see also Doan v. Buss*, 82 Fed. Appx. 168, 170-71 (7th Cir. 2003) (rejecting the contention that "under *Wolff* oral testimony is not required as long as written statements are obtained"); *Ashby v. Davis*, 82 Fed. Appx. 467, 471 (7th Cir. 2003) (holding that "[t]he submission of a written [witness] statement is not by itself a valid reason for not appearing," and explaining that "[l]ive testimony is the presumption absent a valid reason for proceeding differently").

This leads to the respondent's second argument—namely, that there was a valid reason for not permitting live witness testimony at Mr. Bailey's disciplinary hearing. Specifically, the respondent argues that permitting live testimony "would have threatened the security of the facility and put[] the offenders and officers at risk of harm." Filing No. 11 at 8. While safety concerns are a valid justification for denying an inmate the ability to present live witnesses, *see Wolff*, 418

U.S. at 566, the respondent has merely asserted that this justification applies. This conclusory assertion is not enough. To conclude otherwise, the Supreme Court has recognized, would eviscerate the already limited right to call witnesses:

> [T]o hold that the Due Process Clause confers a circumscribed right on the inmate to call witnesses at a disciplinary hearing, and then conclude that no explanation need ever be vouched for the denial of that right, either in the disciplinary proceeding itself or if that proceeding be later challenged in court, would change an admittedly circumscribed right into a privilege conferred in the unreviewable discretion of the disciplinary board. We think our holding in *Wolff*, meant something more than that.

*Ponte v. Real*, 471 U.S. 491, 498-99 (1985); *see Hayes v. Walker*, 555 F.2d 625, 630 (7th Cir. 1977) ("If we were to allow broad unsupported findings as were offered in the present case to support the [exclusion of the prisoner's witnesses], a prisoner's limited right to call witnesses could be arbitrarily denied in any case and thereby be rendered meaningless.").

Therefore, when a prisoner challenges the denial of witnesses in a prison disciplinary proceeding, it is the prison official's burden to provide a "justification"—not a conclusion—for the denial. *Ponte*, 471 U.S. at 499; *see Wilson v. Davis*, 102 Fed. Appx. 37, 38 (7th Cir. 2004) ("The burden is on the state to offer a rational explanation for the denial of an inmate's request for witnesses."). This justification may be "presented to the Court *in camera*," but it must be presented. *Ponte*, 471 U.S. at 499.

In sum, at least two principles must be considered when an inmate challenges the denial of his request for witnesses to testify at his prison disciplinary proceeding. First, "[l]ive testimony is the presumption absent a valid reason for proceeding differently," and "[t]he submission of a written [witness] statement is not by itself a valid reason for not" permitting live testimony. *Ashby*, 82 Fed. Appx. at 471. Second, it is the prison official's burden to provide a specific justification

on a case-by-case basis for why the inmate's witnesses were not permitted to provide live testimony at the disciplinary hearing. *See Ponte*, 471 U.S. at 499; *Wilson*, 102 Fed. Appx. at 38.

## II.

The respondent shall have **through February 15, 2017**, in which to provide the required justification for denying Mr. Bailey the ability to call live witnesses during the challenged disciplinary proceeding. In providing the required justification, the respondent should ensure that the justification is sufficiently particularized—that it represents "a determination . . . made on a case-by-case basis that requested witnesses pose institutional problems." *Forbes v. Trigg*, 976 F.2d 308, 317 (7th Cir. 1992); *see Hayes*, 555 F.2d at 630 (rejecting a prison's justification for excluding witnesses because it was "only broad conclusory findings of possible hazard both to potential witnesses and to institutional security which applied to all of the proposed witnesses on plaintiff's list").

The Court's decision to provide respondent this additional opportunity is guided by the Seventh Circuit's decision to do the same when similar errors have occurred in other cases. *See, e.g., Ashby*, 82 Fed. Appx. at 471. However, the respondent should not rely on this additional opportunity in every case, given that it is his burden to provide the justification the law requires. *See Ponte*, 471 U.S. at 499; *Wilson*, 102 Fed. Appx. at 38.

Given Mr. Bailey's current projected release date, the Court does not anticipate granting any extensions of time.

**IT IS SO ORDERED**.

Date: 2/9/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LUCAS BAILEY
203083
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel