UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUCAS BAILEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-02625-TWP-MJD |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |

**ENTRY GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on *pro se* Petitioner Lucas Bailey's ("Mr. Bailey") Petition for Writ of Habeas Corpus challenging a prison disciplinary proceeding identified as NCF 16-04-0263, which resulted in the loss of ninety days of good-time credit and a demotion in credit class. ([Filing No. 1](#).) Mr. Bailey raises three claims in his Petition, one of which is dispositive. Mr. Bailey maintains that he was denied due process because his requested witnesses were not permitted to testify at his disciplinary hearing; they instead submitted written statements. For the reasons explained in this Entry, the Court concludes that Mr. Bailey was denied due process and his Petition for habeas corpus is **granted**.

### I. OVERVIEW

"Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)). However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). As acknowledged by the Respondent, Mr. Bailey requested four witnesses prior to his disciplinary

proceeding, each of whom provided a written statement prior to the challenged disciplinary proceeding in lieu of live testimony at the hearing.

In the initial round of briefing regarding Mr. Bailey's claim, the Respondent offered two reasons why the proceedings did not violate Mr. Bailey's due process rights. (*See* Filing No. 11 at 6-8.) The Court explained in its Entry dated February 9, 2017 (Filing No. 14), why neither of those two reasons were sufficient. First, the Court noted that the Seventh Circuit has repeatedly rejected the argument that written witness statements are an adequate substitute for live testimony. *See Whitlock v. Johnson*, 153 F.3d 380, 388 (7th Cir. 1998) ("We are . . . unconvinced by the prison's assertion that its policy of interviewing requested witnesses and summarizing their testimony in an unsworn report is a legitimate means of 'calling a witness' even when live testimony would be feasible."); *see also Doan v. Buss*, 82 Fed. Appx. 168, 170-71 (7th Cir. 2003) (rejecting the contention that "under *Wolff* oral testimony is not required as long as written statements are obtained"); *Ashby v. Davis*, 82 Fed. Appx. 467, 471 (7th Cir. 2003) (holding that "[t]he submission of a written [witness] statement is not by itself a valid reason for not appearing," and explaining that "[l]ive testimony is the presumption absent a valid reason for proceeding differently").

The Respondent's second argument was also rejected. The Court explained that Respondent's conclusory assertion that permitting live testimony from other inmates "would have threatened the security of the facility and put the offenders and officers at risk of harm," (Filing No. 11 at 8), was insufficient. While safety concerns are a valid justification for denying an inmate the ability to present live witnesses, *see Wolff*, 418 U.S. at 566, a conclusory assertion that security concerns were present essentially forecloses judicial review of whether the petitioner's due process rights were infringed, *see Ponte v. Real*, 471 U.S. 491, 498-99 (1985); *see also Hayes v. Walker*,

555 F.2d 625, 630 (7th Cir. 1977) ("If we were to allow broad unsupported findings as were offered in the present case to support the [exclusion of the prisoner's witnesses], a prisoner's limited right to call witnesses could be arbitrarily denied in any case and thereby be rendered meaningless."). Therefore, the Court made clear that it was the Respondent's burden to provide a "justification"—not a conclusion—for the denial of witnesses. *Ponte*, 471 U.S. at 499; *see Wilson v. Davis*, 102 Fed. Appx. 37, 38 (7th Cir. 2004) ("The burden is on the state to offer a rational explanation for the denial of an inmate's request for witnesses.").

In light of the deficiencies in the Respondent's submission, the Court gave the Respondent an additional period of time in which to provide the required justification for denying Mr. Bailey the ability to call live witnesses during the challenged disciplinary proceeding. The Court made clear that, in providing the required justification, the Respondent should ensure that the justification is sufficiently particularized—that it represents "a determination . . . made on a case-by-case basis that requested witnesses pose institutional problems." *Forbes v. Trigg*, 976 F.2d 308, 317 (7th Cir. 1992); *see Hayes*, 555 F.2d at 630 (rejecting a prison's justification for excluding witnesses because it was "only broad conclusory findings of possible hazard both to potential witnesses and to institutional security which applied to all of the proposed witnesses on plaintiff's list").

The Respondent submitted a supplemental brief and evidence ([Filing No. 15](Filing No. 15)), and Mr. Bailey submitted a reply brief ([Filing No. 17](Filing No. 17)).

## II.  ANALYSIS

**A.     Procedural Default**

In the Respondent's supplemental brief, he argues for the first time that Mr. Bailey's witness claim is procedurally defaulted because he did not raise it during the administrative appeals

process (Filing No. 15 at 1-2). The Respondent is correct that, to succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Since "Indiana does not provide judicial review of decisions by prison administrative bodies, . . . the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). However, "[p]rocedural default is an affirmative defense and can be waived." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). "As with any other right or defense, the State will waive procedural default by intentionally relinquishing its right to assert that defense, either explicitly or implicitly." *Blackmon v. Williams*, 823 F.3d 1088, 1100 (7th Cir. 2016) (citation and quotation marks omitted).

Here, the Respondent explicitly waived its reliance on Mr. Bailey's alleged failure to exhaust and the consequential procedural default in his initial return to the Court's show cause order. Specifically, the Respondent stated that Mr. Bailey "exhausted his available administrative appeals with regard to the issues raised in the Petition," and then went on to address the merits of this claim. (Filing No. 11 at 2.) Accordingly, the Respondent has waived its affirmative defense that this claim is procedurally defaulted.

The Court notes, however, that even if this defense was not waived, the Court would reject it. This is because the Respondent has failed to submit sufficient evidence to refute Mr. Bailey's contention that he raised this issue in his final administrative appeal. The Court was presented with only the decision from the final appeal—which does not settle the matter one way or another—and thus it is not clear whether or not this issue was raised in the final appeal. For this additional reason, Mr. Bailey's claim is not deemed defaulted and the Court will address it on the merits.

**B.	Merits**

The Respondent submitted additional evidence in an attempt to comply with the Court's order requiring a sufficiently particularized justification for denying Mr. Bailey's request for live witnesses. The Respondent's evidence is a declaration from Tyrone Thompson, the Disciplinary Hearing Chairman for the disciplinary hearing at issue. He attests the following: at the time of the hearing Mr. Bailey was housed in the Restricted Housing Unit; Mr. Bailey was restrained via handcuffs behind the back and in leg restraints during his hearing; and "[i]t is common correctional practice, for the safety and security of offenders and staff, to not intermingle restrained and unrestrained offenders." ([Filing No. 15-1 at 1](#).)

This evidence is insufficiently particularized to justify denying Mr. Bailey live testimony from his witnesses. The Court made clear in its previous order that, in providing the required justification, the Respondent should ensure that the justification represents "a determination . . . made on a *case-by-case* basis that requested witnesses pose institutional problems." *Forbes v. Trigg*, 976 F.2d 308, 317 (7th Cir. 1992) (emphasis added). All that the Respondent has offered here is the fact that Mr. Bailey was shackled during the hearing and that it is a "common correctional practice" for safety and security reasons to "not intermingle restrained and unrestrained offenders." ([Filing No. 15-1 at 1](#).) But sole reliance on a "common correctional practice" by definition does not evince a case-by-case decision as to whether live witness testimony is feasible.

Moreover, even if the common correctional practice not to intermingle restrained and unrestrained offenders is in theory a sufficient justification, there is no evidence regarding whether the requested inmate witnesses would be unrestrained at the hearing, and if they would, whether they would be restrained to avoid security concerns. The Seventh Circuit has made clear that

prison officials must "look at each proposed witness and determine whether or not he should be allowed to testify." *Hayes*, 555 F.2d at 630.  Yet all that is offered here is a broad justification that was applied (assuming that the witnesses would not be restrained) to all of Mr. Bailey's requested witnesses.  This is simply not enough.  *See id.* (rejecting a prison's justification for excluding witnesses because it was "only broad conclusory findings of possible hazard both to potential witnesses and to institutional security which applied to all of the proposed witnesses on plaintiff's list").

In sum, the Respondent has been given two opportunities to justify denying Mr. Bailey live testimony from his requested witnesses at the disciplinary hearing, but has failed to sufficiently do so.  Accordingly, the denial of live witnesses without sufficient justification resulted in the violation of Mr. Bailey's due process rights.

### III.  CONCLUSION

For the reasons explained above, Mr. Bailey's Petition for Writ of Habeas Corpus (Filing No. 1) is **GRANTED**.  The disciplinary sanctions imposed as a result of prison disciplinary proceeding NCF 16-04-0263 are **VACATED**, meaning his lost good-time credits and demotion of credit class must be **immediately restored**, and his new release date must be calculated accordingly.  Final judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 3/09/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Lucas Bailey, #203083
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, Indiana  47362

Kyle Hunter
OFFICE OF INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov